SAMUEL KARETNICK ET AL., PLAINTIFFS, v. ABRAHAM I. SKRILOFF, DEFENDANT.

Decided August 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *Kraemer, Siegler & Siegler.*

*Contra, Fleming & Handford.*

PER CURIAM.

The plaintiffs are wholesale furniture dealers. The defendant is a retail dealer. The present suit was instituted on a book account for goods sold and delivered by the former to the latter. The total amount of the plaintiffs' claim was $740. The furniture, the price of which is the subject-matter of the suit, was sold at different times during the year 1927. The defendant contended in his answer that he paid for part of the items contained in the account and that he had rescinded the contract of purchase with relation to the other items and refused to retain the goods because of their defective condition and of the fact that they did not comply with the specifications which were a part of the contract of purchase. As to the defense of payment, the proof was that the defendant sent to the plaintiff two checks totaling $308.50. These checks contained endorsements that they were in full payment of the moneys then owed the plaintiffs by the defendant. The plaintiffs refused to accept them because of these endorsements, claiming that the recital on each was not true in fact, but failed to return them to the defendant. The trial resulted in a verdict in favor of the defendant.

The facts above recited were all that were shown to support the contention of payment in part. It was admitted that the checks had never been paid. The plaintiffs were not bound to accept them *as payment.* In this situation we consider that the plaintiffs were entitled to a verdict for at least the amount of money which the defendant claimed to have paid, it being admitted that this sum at least was due to the plaintiffs at the time the checks were given. This being so, the verdict now under review cannot be sustained even if there was a rescission of the contract so far as it related to the rest of the furniture which is the subject-matter of the litigation.

The rule to show cause will be made absolute.